JJD:MTK/PGS
F. #2017R01167

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 20 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOSUE PORTILLO,
    also known as "Sparky"
    and "Curioso,"

                Defendant.

- - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 17-366 (S-1) (JFB)
(T. 18, U.S.C., §§ 1962(c), 1963 and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Superseding Information, unless otherwise indicated:

The Enterprise

1. La Mara Salvatrucha, also known as the MS-13 (hereinafter the "MS-13" or the "enterprise"), was a transnational criminal organization with members located throughout Long Island, New York, Queens, New York and elsewhere. Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and witness retaliation.

2. The defendant JOSUE PORTILLO, also known as "Sparky" and "Curioso," was an associate and member of the MS-13.

3. The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

Purposes of the Enterprise

4. The purposes of the enterprise included the following:

a. Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

b. Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

c. Keeping victims and rivals in fear of the enterprise and its members and associates.

d. Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

e. Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

2

## Means and Methods of the Enterprise

5. Among the means and methods by which the defendant and his associates conducted and participated in the conduct of the affairs of the enterprise were the following:

    a. Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

    b. Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules.

    c. Members of the MS-13 and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

## RACKETEERING

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. On or about and between January 1, 2016 and July 10, 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSUE PORTILLO, also known as "Sparky" and "Curioso," together with others, being a person employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and

3

intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

### RACKETEERING ACT ONE
(Conspiracy to Murder Rival Gang Members)

8. In or about and between March 2017 and April 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSUE PORTILLO, together with others, did knowingly and intentionally conspire to cause the death of one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT TWO
(Murder of Justin Llivicura)

9. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendant JOSUE PORTILLO, together with others, with intent to cause the death of another person, to wit: Justin Llivicura, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT THREE
(Murder of Michael Lopez)

10. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendant JOSUE PORTILLO, together with others, with intent to cause the death of another person, to wit: Michael Lopez, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT FOUR
(Murder of Jorge Tigre)

11. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendant JOSUE PORTILLO, together with others, with intent to cause the death of another person, to wit: Jorge Tigre, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT FIVE
(Murder of Jefferson Villalobos)

12. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendant JOSUE PORTILLO, together with others, with intent to cause the death of another person, to wit: Jefferson Villalobos, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

*Richard P. Donoghue*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK